UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

PNC BANK, NATIONAL ASSOCIATION,   )
          Plaintiff,          )
                         )
     vs.                    )       1:08-cv-0502-LJM-TAB
                         )
JOSEPH A. PENCE, ANN C. BERNARD,   )
ROBERT TREASH, JR., and         )
BRAD A. BENGE,             )
          Defendants.      )

## ORDER ON REMAINING DEFENDANTS' EMERGENCY MOTIONS TO STAY

This cause is now before the Court on defendants', Joseph A. Pence, Robert Treash, Jr., and Brad A. Benge (collectively, "Defendants"), Emergency Motion to Stay All Proceedings (Docket Nos. 52 & 54).  Defendants contend that they have become the targets of a criminal investigation by the U.S. Attorney's Office for the Western District of Pennsylvania ("USAPA") for matters related to the same set of factual circumstances underlying this action and a related action, styled *Meridian Financial Advisors, Ltd., d/b/a The Meridian Group, as Receiver for OCMC, Inc. v. Pence*, Cause No. 1:07-cv-0995-LJM-TAB (the "Receiver Action").  In the instant action, PNC alleges that Defendants participated in a fraud perpetrated against PNC by OCMC, Inc., with respect to certain loans PNC made to OCMC.  According to Defendants, these are similar allegations for which USAPA has targeted Defendants in its criminal investigation.

For the reasons stated herein, the Court **DENIES** Defendants' Emergency Motion to Stay.

# I. <u>DISCUSSION</u>

The Court has discretion to issue a stay of proceedings when the interests of justice require such action. *Harris v. City of Chicago*, 266 F.3d 750, 753 (7th Cir. 2001); *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980), *cert. denied*, 499 U.S. 993 (1980) (citing *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)). As a general rule, however, pre-indictment requests for stay are denied. *See United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 811 F. Supp. 802, 805-06 (E.D.N.Y. 1992) (citing *United States v. District Council of N.Y. City*, 782 F. Supp 920, 925 (S.D.N.Y. 1992) (collecting cases); *In re Par Pharm., Inc. Sec. Lit.*, 133 F.R.D. 12, 14 (S.D.N.Y. 1990) (collecting cases); *Dresser Indus.*, 628 F.2d at 1376); *see also Hollinger Int'l , Inc. v. Hollinger Inc.*, No. 04 C 698, 2008 WL 161683, at *1 (N.D. Ill. Jan. 16, 2008) (discussing the timing of a stay in a particular action and noting that the stay was not issued until an indictment had been returned against the civil defendants). When deciding whether or not to grant a stay, the Court should consider six factors: (1) the posture of the criminal proceedings; (2) the overlap of the criminal and civil proceedings; (3) whether the government entity initiating the criminal action is also a party in the civil matter; (4) the burden on the defendants if the civil case is not stayed; (5) the prejudice to the civil plaintiff if the civil case is stayed; and (6) the effect of a stay on the public interest. *See Hollinger Int'l, Inc. v. Hollinger Inc.*, No. 04 C 698, 2008 WL 161683, at * (N.D. Ill. Jan. 16, 2008) (citations omitted).

Here, Defendants have presented evidence that USAPA has made them targets in its investigation of potentially fraudulent transactions. There has been no indictment in Pennsylvania, but it has been made clear to Defendants that they have been subpoenaed

to testify before a grand jury investigating matters that may form the underlying factual basis in the instant civil litigation.  The government has not appeared in this case, or any other case in this jurisdiction that has been filed against Defendants.  As such, the government has not sought a stay to prevent Defendants from broadening their rights to discovery against the government.  In other words, there is no overriding public interest vis-a-vis criminal prosecution that would weigh in favor of a stay.  Furthermore, Defendants have presented no argument that proceeding in the instant case would harm the public interest in any other way, which weighs against granting Defendants' motion.  *Accord Dresser Indus.*, 628 F.2d at 1376.

The burden on Defendants of proceeding in the instant litigation is somewhat troubling because it could undermine their Fifth Amendment privilege against self-incrimination in the criminal matter.  In essence, their choice is to testify in the civil matter at their peril in the criminal matter or, "plead the Fifth" and face resolution of the civil matter against them because they cannot form a defense.  But, it is not unconstitutional to put a defendant to such a choice.  *See United States v. Henry*, 491 F.2d 702 (6th Cir. 1974); *Texaco, Inc. v. Borda*, 383 F.2d 607, 608-09 (3d Cir. 1976); *Silver v. McCamey*, 221 F.2d 873, 874-75 (D.C. Cir. 1955).  And, the case for a stay is not strong here because there has been no indictment.

In the balance, the Court concludes that Defendants' Motion for an Emergency Stay should be **DENIED**.

## II. CONCLUSION

For the reasons stated herein, the Court **DENIES** defendants', Joseph A. Pence, Robert Treash, Jr., and Brad A. Benge, Emergency Motion to Stay All Proceedings (Docket Nos. 52 & 54).

IT IS SO ORDERED this 12th day of January, 2009.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Electronically Distributed to:

Alan S. Brown
FROST BROWN TODD LLC
abrown@fbtlaw.com

Gerald E. Burns
BUCHANAN INGERSOLL & ROONEY P.C.
gerald.burns@bipc.com

James Braden Chapman II
DANN PECAR NEWMAN & KLEIMAN
jchapman@dannpecar.com

James P. Moloy
DANN PECAR NEWMAN & KLEIMAN
jmoloy@dannpecar.com

William L. O'Connor
DANN PECAR NEWMAN & KLEIMAN
woconnor@dannpecar.com

Cynthia Reese
DANN PECAR NEWMAN & KLEIMAN
creese@dannpecar.com

Thomas E. Satrom
LOCKE REYNOLDS LLP
tsatrom@locke.com

William H. Schorling
BUCHANAN INGERSOLL & ROONEY PC
william.schorling@bipc.com

Stephen S. Stallings
FARRELL, REISINGER & STALLINGS, LLC
sstallings@frs-llc.com

Distributed via U.S. Postal Service to:

JOSEPH A. PENCE
12053 Leighton Court
Carmel, IN 46032

BRAD A. BENGE
10609 East County Road 200 South
Indianapolis, IN 46231